

_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MARYLAND
### Greenbelt Division

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| KRISHNAN ROBERT NATESAN | : | Case No. 12-26952PM |
| | : | Chapter 13 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM AND ORDER ON
### CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION

Debtor filed this bankruptcy case under chapter 13 on September 14, 2012. Schedules A, D, E and F show ownership of property located in New York state valued at $411,164.00 and subject to secured claims held by Wells Fargo aggregating $354,844.00; no priority claims; and general unsecured claims aggregating $180,088.00, consisting of a foreclosure deficiency owing to Wells Fargo in the amount of $120,083.00, several student loans owing to the U.S. Department of Education ("DOE") aggregating $57,937.00, and four utility bills of which two had unknown balances and the other two amounted to $2,068.00. The bar date for filing claims passed on January 23, 2013, leaving two creditors with filed claims (the Internal Revenue Service having amended its claim originally filed in the sum of $2,191.70 to a claim reflecting a balance of $0.00): Consolidated Edison with a claim of $1,521.05, and DOE with a nondischargeable student loan claim in the sum of $60,359.96. Neither Wells Fargo, as the holder of the two claims secured by the New York property, nor Wells Fargo as the holder of the foreclosure deficiency claim, filed proofs of claim, so upon Debtor's plan completion, personal responsibility would be limited to the student loan debt.

Debtor's Amended Plan filed February 8, 2013 (the "Plan") provides for payments of $406.25 for two months and $506.25 for 58 months. The Plan also calls for Debtor's payment of

tax refunds for 2012 through 2016 to the Trustee as an additional source of plan funding. Thus, an estimated $77,300.00 would be paid into the Plan. In addition to increasing the monthly payment, the Plan added the following new language to Debtor's three previous plans: "All US Dept. of Education Student loans will be paid outside the plan and all other general unsecured claims will be paid pro rata." The Trustee objected to the Plan as not being filed in good faith and unfairly discriminating between classes of unsecured creditors by its proposed payment of the DOE claims outside the Plan.

      The court assumes from the length of time this case has been pending that at this point, the Trustee already has on hand sufficient funds to pay in full the holder of the one allowed claim to be paid through the Plan. Given that, and the fact that DOE has refrained from objecting to the treatment of its claim as proposed in the Plan, the court does not have before it the genuine case or controversy that is reflected in the diametrically conflicting decisions on the issue of unfair discrimination. *See* David M. Holliday, *Annotation, Chapter 13 Plan that Separately Classifies Student Loan Debt as Unfair Discriminatory Treatment of Class of Unsecured Claims under §1322(b)(1) of Bankruptcy Code*, 6 A.L.R. Fed. 2d 507 (2005); *In re Birts*, 2011 WL 3150384 (E.D. Va. 2012)*; In re Potgieter,* 436 B.R. 739( BC M.D. Fla. 2010)*; In re Boscaccy*, 442 B.B. 501 (BC N. D. Miss. 2010); *In re Edmonds*, 444 B.R. 898 (BC E.D. Wisc, 2010).

      In the long run, Debtor obtained no benefit from filing this case under Chapter 13 rather than under Chapter 7, other than avoiding the possibility of an action filed under 11 U.S.C. § 707(b) to dismiss the case as one being an abuse of the bankruptcy process. Had DOE seen fit to enter the fray, it might have presented issues in a fashion to alter the court's view of the case, but it did not do so.[1] Debtor can afford to pay the entire student loan debt within the proposed Plan period but elected not to do so, possibly to avoid the Trustee's commission. In any event, the court does not wish to substitute its judgment for the judgment of DOE in not pressing its case. In amending his previous plan after the bar date had passed, Debtor "gamed" the system, as he had the right to do, but the function of this court is to decide disputes and not to act as a collection agent for creditors unwilling to act on their own behalf.

---

[1] Besides refraining from objection to the treatment of its claim outside of the Plan, DOE has refrained from responding to Debtor's objection to allowance of its proof of claim on the weak grounds that "the payment become[s] due on September 21, 2013."

For the foregoing reasons, the Trustee's objection to confirmation of the Plan is overruled. An appropriate order will be entered confirming the Plan.

SO ORDERED.

cc:
Krishnan R. Natesan, 14638 Briarley Place, Upper Marlboro, MD 20774
Rowena N. Nelson, Esq., 1801 McCormick Drive, #150, Largo, MD 20774
U.S. Department of Education, P.O. Box 5609, Greenville, TX 75403
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718

**End of Memorandum and Order**